*787 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs.
Generally, a notice of claim against a municipality must be filed "within ninety days after the claim arises” (General Municipal Law, § 50-e, subd 1). Under the law as it existed when the claim arose in this case, where a claimant because of infancy failed to serve a timely notice of claim, the court, in its discretion, could grant leave to file a late notice of claim (see Matter of Beary v City of Rye, 44 NY2d 398). The application for leave to so file had to be made "within the period of one year after the happening of the event upon which the claim is based.” (General Municipal Law, § 50-e, subd 5, as amd by L 1976, ch 745.) In this case the application was concededly not made within this period.
It is argued, however, that the infant was undergoing "continuous treatment” during the period of her visits to the hospital, and therefore that the one-year statutory period did not begin to run until September 25, 1974, the date of her last hospital visit. But the continuous treatment doctrine is applicable only "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint” (Borgia v City of New York, 12 NY2d 151, 155). Here, since the infant’s visits to the hospital were, so far as averred, merely for routine pediatric examinations, the infant appearing during this period to be in perfect health, the continuous treatment doctrine should not be applied (Davis v City of New York, 38 NY2d 257).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the application to file a late notice of claim denied in a memorandum.