■ NANCY DRAGONETTE, Respondent, v NOELLE B. NIELSON et al., Appellants.—Appeal from that part of an order of the Supreme Court (Brown, J.), entered November 18, 1991 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

From October 1985 until October 1989, plaintiff was a patient of defendant Noelle B. Nielsen, a gynecologist. When Nielsen first saw plaintiff, she was aware that another doctor had performed a laparoscopy in May 1984 and that it was his diagnosis that plaintiff had chronic pelvic inflammatory disease in the fallopian tubes. In November 1985, when Nielsen performed a laparoscopy, she diagnosed plaintiff with pelvic inflammatory disease in the uterus and fallopian tubes. On July 31, 1986, after other treatments for plaintiff's condition failed, Nielsen removed plaintiff's uterus. In November 1989, however, another physician determined that plaintiff was still suffering from pelvic inflammatory disease and, therefore, in December 1989, removed plaintiff's fallopian tubes and ovaries.

Plaintiff commenced this medical malpractice action on January 5, 1990 seeking money damages for personal injuries allegedly caused by Nielsen. Defendants moved for summary judgment dismissing the complaint on the ground that it was barred by the 2½-year Statute of Limitations (CPLR 214-a). They argued that Nielsen's treatment of plaintiff after the surgery was for seperate and distinct illnesses or routine examinations and, therefore, did not serve as a basis for applying the continuous treatment doctrine to toll the Statute

of Limitations. Supreme Court denied defendants' motion and defendants now appeal.

We affirm. The record establishes that, although plaintiff was feeling fine at her first visit to Nielsen after her surgery in October 1986, on February 16, 1987 plaintiff complained of back and abdominal pain, symptoms similar to those experienced prior to surgery. Plaintiff saw Nielsen on three separate occasions in March 1987 still complaining of these symptoms. Nielsen admitted in her examination before trial that she questioned whether plaintiff had pelvic inflammatory disease in her fallopian tubes and/or ovaries, but she ruled it out thinking instead that plaintiff's pain was related to a cyst. One of the treatments she prescribed, however, was an antibiotic that plaintiff had taken prior to her surgery. As late as July 8, 1987, plaintiff continued to complain about these same symptoms. Under the circumstances, we find that plaintiff's visits to Nielsen, at least through July 8, 1987, were related to her original condition or complaint *(see, Massie v Crawford,* 78 NY2d 516, 519; *McDermott v Torre,* 56 NY2d 399, 405), thus constituting continuous treatment for the purpose of tolling the Statute of Limitations *(see, e.g., Patterson v Minehan,* 180 AD2d 241).

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.