■ HERBERT FISHER, Individually and as Administrator of the Estate of ESTHER FISHER, Deceased, Appellant, v ARTHUR FELIX, Respondent. [607 NYS2d 126] —In an action to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 22, 1991, which granted the defendant's motion pursuant to CPLR 3212 (e) for partial summary judgment dismissing the complaint insofar as it is based upon alleged acts of malpractice occurring prior to July 19, 1976.

Ordered that the order is affirmed, with costs.

Following the decedent's death from lung cancer in 1978, the plaintiff commenced the instant action alleging, *inter alia,* that the defendant doctor failed to timely diagnose the disease. The amended complaint alleged negligent acts and omissions by the defendant beginning in 1970. The defendant subsequently moved for partial summary judgment on the ground that any claim of malpractice based on acts or omis-

sions prior to his examination of the decedent on July 19, 1976, was time-barred. The Supreme Court rejected the plaintiff's contention that the continuous treatment doctrine applied to toll the applicable Statute of Limitations, and granted the defendant's motion. We now affirm.

The defendant presented medical records which showed that the decedent made visits to his office in 1970, 1972, and 1974 with varying complaints of stomach pain, colds, and leg pain. The defendant did not treat the decedent in 1975, and a report from an independent cancer clinic which was sent to the defendant in 1975 indicated that the decedent's chest X-ray was negative. The decedent next sought treatment from the defendant on July 19, 1976, after she had received a report earlier that month from the same cancer clinic which indicated an abnormality in her chest X-ray. The decedent's last visit to the defendant was in December 1976.

Pursuant to CPLR 214-a, the Statute of Limitations is tolled until after the patient's last visit " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405, quoting from Borgia v City of New York, 12 NY2d 151, 155). Routine diagnostic examinations, even when conducted repeatedly over a period of time, are not " 'a course of treatment' " (Massie v Crawford, 78 NY2d 516, 520, quoting from Charalambakis v City of New York, 46 NY2d 785, 787). The evidence established that the defendant's examinations and treatment of the decedent prior to July 19, 1976, were for varying, discrete conditions. There was no diagnosis and no treatment of lung cancer and, therefore, no course of treatment for this condition was undertaken prior to that date (see, Nykorchuck v Henriques, 78 NY2d 255).

Indeed, the cause of action sounding in medical malpractice is for the failure to diagnose and therefore the failure to treat the lung cancer. There was no ongoing treatment of a medical condition. As was stated in Nykorchuck v Henriques (supra, at 259), "[w]hile the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment".

We find as a matter of law that the continuous treatment doctrine does not apply to toll the Statute of Limitations as to any alleged acts of malpractice committed prior to July 19, 1976. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.