OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, defendant’s cross motion for partial summary judgment dismissing the personal injury causes of action sounding in medical malpractice granted and the certified question answered in the negative.
 

 In January and February of 1987, defendant physician examined plaintiffs decedent at the request of decedent’s dermatologist. The purpose of the consultations was to determine whether decedent’s liver would be harmed by continuing drug treatments for psoriasis. Though defendant detected a nodule during the examination and testing, he concluded that the proposed drug treatment would have no ill effects on
 
 *883
 
 decedent’s liver. No further examinations or follow-up consultations with defendant were proposed or contemplated. Decedent was treated for psoriasis and released from the hospital. Nine months later, in November 1987, decedent consulted her internist after complaining of abdominal swelling. The internist referred her to defendant, who detected cancer. Decedent died of liver cancer a short time later.
 

 More than two years after the November examination, plaintiff commenced this action alleging, among other things, that defendant negligently failed to diagnose the cancer during the initial consultations in January and February. To avoid dismissal of the medical malpractice claims under the 2ló-year Statute of Limitations (CPLR 214-a), plaintiff contends that decedent’s visits to defendant constituted a single course of treatment, thereby invoking the continuous treatment doctrine to toll the Statute of Limitations.
 

 We conclude that the continuous treatment doctrine is inapplicable under these circumstances. The consultations here were not part of "continuing efforts by a doctor to treat a particular condition”
 
 (Massie v
 
 Crawford, 78 NY2d 516, 519). The first consultation was undertaken for a purpose wholly independent of the second and involved neither ongoing provision of services by defendant nor the expectation of any future contact between the patient and physician after discharge from the hospital
 
 (see, Davis v City of New York,
 
 38 NY2d 257, 259;
 
 compare, McDermott v Torre,
 
 56 NY2d 399, 406). The fact that the condition allegedly overlooked in the first consultations was the condition ultimately diagnosed in the later consultation does not bring this case within the continuous treatment doctrine even if a correct diagnosis would have led to an ongoing course of treatment
 
 (see, Nykorchuck v Henriques,
 
 78 NY2d 255, 259).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.