■ HENRY A. HALL, Individually and as Executor of ANN G. HALL, Deceased, Respondent, v PRAMOD LUTHRA, Appellant. [615 NYS2d 157] —Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying defendant's motion for partial summary judgment dismissing the causes of action on behalf of plaintiff's decedent concerning medical care rendered by defendant before April 4, 1987. Plaintiff failed to establish that the Statute of Limitations (CPLR 214-a) was tolled by the continuous treatment doctrine *(see, Gordon v Magun,* 83 NY2d 881; *Nykorchuck v Henriques,* 78 NY2d 255; *Washington v Elahi,* 192 AD2d 704; *cf., Dragonette v Nielson,* 186 AD2d 334). Defendant treated decedent for angina and high blood pressure and never instituted a course of treatment for the breast cancer of decedent *(see, Gordon v Magun, supra; Nykorchuck v Henriques, supra),* nor did plaintiff even allege

that decedent's complaints of blurred vision, headaches and left-sided chest pain in 1985 were related to the cancer discovered in decedent's right breast by another physician in November 1987.

Even assuming that plaintiff established that defendant instituted a course of treatment, plaintiff failed to establish the requisite continuity of treatment. Plaintiff's decedent saw defendant in June 1985, and not again until September 1987, despite his direction to return in two months *(see, Coyne v Besser,* 165 AD2d 857, *lv denied* 77 NY2d 808; *Fox v Glens Falls Hosp.,* 129 AD2d 955, 957; *see also, Rizk v Cohen,* 73 NY2d 98, 105), and she was treated by other physicians in the interim. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Partial Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.