■ AGNES HOLMES, Respondent-Appellant, v SAMUEL WEISSMAN, Appellant-Respondent. [629 NYS2d 891] —Order unani-

mously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this medical malpractice action against her obstetrician, alleging that he was negligent in failing to diagnose a malignant breast tumor during pre-natal care and treatment. Defendant moved for partial summary judgment dismissing all of plaintiff's claims arising out of any care and treatment rendered by defendant more than $2^{1}/_{2}$ years before commencement of this action. Supreme Court erred in denying the motion and in concluding that factual issues exist whether the continuous treatment doctrine applies. Although conflicting evidence was presented whether defendant examined plaintiff's breasts during his initial examination on February 16, 1990, it is undisputed that defendant did not examine plaintiff's breasts during subsequent pre-natal visits. Absent evidence that breast examinations for the detection of cancerous tumors are an integral and routine part of pre-natal care and treatment (cf., Branigan v DeBrovner, 197 AD2d 270), there is no basis for application of the continuous treatment doctrine (see, Gordon v Magun, 83 NY2d 881; Nykorchuck v Henriques, 78 NY2d 255; Hall v Luthra, 206 AD2d 890). All of plaintiff's claims arising out of any care and treatment rendered by defendant more than $2^{1}/_{2}$ years before commencement of this action on January 22, 1993 are time barred. Thus, we modify the order on appeal by granting defendant's motion for partial summary judgment dismissing that portion of the complaint. (Appeals from Order of Supreme Court, Erie County, Gossel, J.—Summary Judgment.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.