■ HAROLD KURLAND, Respondent, v JACK W. McELWAIN, Appellant. [647 NYS2d 542] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated October 6, 1995, which, *inter alia,* denied his motion to amend his answer to assert the Statute of Limitations as a defense to certain acts of alleged malpractice and to preclude the plaintiff from introducing evidence as to those acts at trial.

Ordered that the order is affirmed, with costs.

The plaintiff first saw the defendant proctologist in 1967. On December 7, 1972, after the plaintiff's internist found a polyp on his colon, the defendant performed a sigmoidoscopy and removed the polyp by fulguration. Since the plaintiff's mother died of colon cancer, and because a patient who has once had a polyp is apt to develop polyps in the future, the defendant undertook a course of treatment which involved annual proctological examinations from 1980 through 1982. As the defendant concedes, "given the patient's history, the routine would be to perform periodic sigmoidoscopic examinations in order to check for the recurrence of polyps * * * there is no dispute about whether the examinations to check for recurrence should be done". During these examinations, the plaintiff complained of rectal bleeding, but the defendant was not able to locate any polyps.

An associate of the defendant discovered a second polyp in 1982 and determined that it was malignant. The plaintiff underwent surgery and subsequently commenced the instant action alleging, *inter alia,* that the defendant negligently failed to detect the polyp during earlier medical examinations. These exams occurred more than $2^{1}/2$ years prior to the commencement of the instant action, and the defendant argues that the Supreme Court erred by tolling the Statute of Limitations on the basis of the continuous treatment doctrine.

"Pursuant to CPLR 214-a, the Statute of Limitations is tolled

until after the patient's last visit ' "when the course of treatment which includes the wrongful acts or omissions has run continuously and *is related to the same original condition or complaint"* ' (*McDermott v Torre,* 56 NY2d 399, 405, quoting from *Borgia v City of New York,* 12 NY2d 151, 155). [In contrast, r]outine diagnostic examinations, even when conducted repeatedly over a period of time, are not 'a course of treatment' (*Massie v Crawford,* 78 NY2d 516, 520, quoting from *Charalambakis v City of New York,* 46 NY2d 785, 787)" (*Fisher v Felix,* 201 AD2d 453, 454 [emphasis added]). The defendant's examinations of the plaintiff prior to the detection of the second polyp were not "routine diagnostic examinations" but were specifically prescribed as part of the plaintiff's ongoing care for his existing condition, which rendered him highly susceptible to future polyp growths. This case is distinguishable from those cases in which periodic examinations involve routine medical examinations that do not target a specific preexisting medical condition and those in which sporadic medical treatments are rendered for various discrete conditions (*see, e.g., Gordon v Magun,* 83 NY2d 881; *Massie v Crawford, supra; Nykorchuck v Henriques,* 78 NY2d 255; *Fisher v Felix, supra*).

The defendant's remaining contention is without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.