■ PALMA CORRADINA, Respondent, v MARTIN COHEN, Appellant. [648 NYS2d 964] —In an action to recover damages, *inter alia,* for wrongful death, the defendant appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered September 27, 1995, which granted the plaintiff's motion to dismiss his affirmative defense of the Statute of Limitations.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the plaintiff's motion which was to dismiss the Statute of Limitations defense with respect to any alleged acts of negligence committed prior to October 4, 1991, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant concedes in his brief that the continuous course of treatment exception to the Statute of Limitations for medical malpractice actions applies here since he treated the decedent for rectal cancer from October 4, 1991 until at least June 26, 1992 (*see, Nykorchuck v Henriques,* 78 NY2d 255; *McDermott v Torre,* 56 NY2d 399; CPLR 214-a). The Statute of Limitations was tolled until the last date of treatment for that condition, and therefore the action was timely commenced in December 1994. Accordingly, the Supreme Court properly granted the plaintiff's motion to dismiss the defendant's Statute of Limitations defense with respect to the negligence claims concerning the defendant's treatment of the decedent for rectal cancer on or after October 4, 1991.

However, the plaintiff failed to establish as a matter of law that the continuous course of treatment doctrine could also be applied to treatment the decedent received from the defendant prior to October 4, 1991, specifically, on February 11, 1991. As

to that date factual issues exist as to whether the treatment rendered was a separate and discrete examination for an unrelated condition (*see, e.g., Cox v Kingsboro Med. Group,* 88 NY2d 904; *Gordon v Magun,* 83 NY2d 881). We therefore modify the Supreme Court's order by denying the plaintiff's motion to dismiss the defendant's Statute of Limitations defense with respect to any alleged acts of negligence committed prior to October 4, 1991. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.