■ CHRISTOPHER KENNEDY, Respondent, v ROBERT DECKER et al., Defendants, and FRANCIS MARTIN, Appellant. [655 NYS2d 617] —In an action to recover damages for medical malpractice, the defendant Francis Martin appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated February 22, 1996, as denied that branch of his motion which was for partial summary judgment dismissing the complaint against him insofar as it is based on medical treatment he rendered to the plaintiff prior to October 6, 1990, on the ground that any such claims were time barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was for partial summary judgment dismissing claims based on treatment rendered prior to October 6, 1990, is granted, and the complaint, to the extent it asserts claims against the appellant based on treatment rendered prior to that date, is dismissed.

The plaintiff experienced episodes of fainting, in July 1984 at the age of 12, in March 1989 at the age of 16, in October 1989 at the age of 17, in February 1991 at the age of 18, and again in June 1991 at the age of 19. Following the incident in February 1991, the plaintiff's mother called the appellant, and later testified that the appellant made no recommendations other than suggesting that she call another doctor, the codefendant Filippo Balboni. Similarly, when telephoned by the plaintiff's mother after the June 1991 incident, the appellant made no treatment recommendations, and merely referred the plaintiff's mother to a neurologist.

A magnetic-resonance imaging scan subsequently revealed a tumor in the plaintiff's brain. On August 29, 1991, the plaintiff underwent surgery for the removal of the tumor. A second surgical procedure was performed on November 22, 1991, and left the plaintiff with various injuries. The present action was com-

menced by the filing of a summons and complaint on March 29, 1993, followed by service on the appellant on April 6, 1993.

The plaintiff's theory is that the appellant was negligent in failing to take steps which could have led to an earlier detection of the tumor. Examination of the record reveals that, if such a dereliction occurred at all, it occurred during the course of neurological examinations conducted in March 1989 or October 1989, more than two and one-half years prior to the commencement of the present action. After October 1989, the evaluation and treatment of the plaintiff's neurologic condition, and the diagnosis and subsequent removal of the brain tumor, became the responsibility of other physicians whose negligence, if any, cannot be imputed to the appellant for the purposes of applying the continuous treatment doctrine *(see, Cox v Kingsboro Med. Group,* 88 NY2d 904, *affg* 214 AD2d 150; *Pierre-Louis v Ching-Yuan Hwa,* 182 AD2d 55). While the appellant may have seen the plaintiff in February 1990 and, for the purposes of preoperative clearance, in August 1991 the plaintiff failed to meet his burden of showing that these or other periodic visits were part of a continuous course of treatment related to the condition upon which the complaint is based. Therefore, the continuous treatment doctrine does not apply *(see, Massie v Crawford,* 78 NY2d 516; *Nykorchuck v Henriques,* 78 NY2d 255; *Kurland v McElwain,* 231 AD2d 685; *Grippi v Jankunas,* 230 AD2d 826; *Holmes v Weissman,* 217 AD2d 924).

We note that the parties mistakenly identify April 6, 1993, the date of service of the complaint, rather than March 29, 1993, the date of filing, as the date on which the plaintiff's claims were interposed *(see,* CPLR 203 [c] [1], as amended by L 1992, ch 216). However, since there is no allegation of any treatment between September 29, 1990, and October 6, 1990, the mistake as to the date on which the plaintiff's claims were interposed has no effect, either on the application of the continuous treatment doctrine, or on the extent to which the plaintiff's claims are time barred. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.