■ JUDITH MICHAELS-DAILEY et al., Respondents, v CHARLES SHAMOIAN, Defendant, and ABDUL SAMIY, Appellant. [666 NYS2d 199] —In an action to recover damages for medical malpractice, the defendant Abdul Samiy appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 26, 1997, which denied his motion for partial summary judgment dismissing that branch of the complaint insofar as asserted against him as relates to treatment rendered by him prior to May 10, 1988.

Ordered that the order is reversed, on the law, with costs, the motion for partial summary judgment is granted, and that branch of the complaint insofar as asserted against the appellant as relates to treatment rendered by him prior to May 10, 1988, is dismissed.

The plaintiff Judith Michaels-Dailey consulted with the appellant from 1984 to October 1985 and then from May 10, 1988,

to July 1992. In December 1994 the plaintiffs commenced this medical malpractice action against the appellant and a code-fendant. Thereafter, the appellant moved for partial summary judgment, arguing that any claims arising from visits prior to May 10, 1988, were barred by the two-year and six-month Statute of Limitations applicable to medical malpractice actions. The Supreme Court held that there was an issue of fact as to whether the appellant's treatment fell under the continuous treatment doctrine and thus denied the motion. We disagree.

The two-year and six-month Statute of Limitations applicable to medical malpractice actions is tolled until after a plaintiff's last treatment when the course of treatment, including the wrongful acts or omissions, has run continuously and is related to the original condition or complaint (CPLR 214-a; *Massie v Crawford,* 78 NY2d 516; *Nykorchuck v Henriques,* 78 NY2d 255). However, since the gap between October 1985 and May 10, 1988, exceeded the applicable Statute of Limitations period, the continuity of treatment was broken, and the appellant thus demonstrated his entitlement to judgment as a matter of law (*see, Concha v Local 1115 Empls. Union Welfare Trust Fund,* 216 AD2d 348, 350; *Cox v Kingsboro Med. Group,* 214 AD2d 150, 153, *affd* 88 NY2d 904). Moreover, it is clear that Michaels-Dailey's first series of visits to the appellant resulted in the conclusion that "she would [not] require any specific treatment at that time". Therefore, the visits prior to May 10, 1988, did not produce a course of treatment which could have been continued or resumed when Michaels-Dailey again began consulting with the appellant on that date (*see, Nykorchuck v Henriques, supra,* at 259; *see also, Gordon v Magun,* 83 NY2d 881).

Accordingly, the malpractice claims which the plaintiffs have asserted against the appellant arising from Michaels-Dailey's association with him prior to May 10, 1988, are time-barred and must be dismissed. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.