■ ANGELA L. CASALE et al., Appellants, v MUHAMMAD ABU HENA, Respondent. [704 NYS2d 361] —Graffeo, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 28, 1999 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

The sole issue before us is whether the continuous treatment doctrine tolls the Statute of Limitations in this case to allow plaintiff Angela L. Casale (hereinafter plaintiff) entry to the courthouse since this medical malpractice action is otherwise barred by CPLR 214-a. Supreme Court granted defendant's motion for summary judgment finding the doctrine of continu-

ous treatment inapplicable to the facts presented and this appeal ensued.

As part of her annual physical examination in 1993, plaintiff, then 35 years old, had a mammogram upon the recommendation of her gynecologist. Thereafter, the gynecologist's office contacted plaintiff to advise her that an abnormality was indicated in her right breast and she was referred to defendant, a surgeon. Defendant examined plaintiff on December 16, 1993 and reviewed the mammogram as well as the radiologist's report dated November 18, 1993. Defendant advised plaintiff that although there were two spots noted on the mammogram, there was nothing to be concerned about and she should have another mammogram in five years. However, the mammogram report prepared by the radiologist recommended that while the abnormality appeared benign, a follow-up mammogram should be performed in six months for comparison. The radiologist's recommendation was not conveyed to plaintiff.

In November 1996, plaintiff was examined by another gynecologist who discovered a lump on plaintiff's right breast and directed plaintiff to have another mammogram. Because she had been previously examined by defendant, plaintiff chose to return to defendant. On December 21, 1996, defendant performed a biopsy which revealed that plaintiff had breast cancer. Plaintiff, and her husband derivatively, commenced this medical malpractice action in December 1997 contending that defendant negligently failed to diagnose her cancer or order a follow-up mammogram in a reasonable time. Despite several surgeries, chemotherapy and radiation treatments, plaintiff died on November 19, 1998.*

Pursuant to CPLR 214-a, a medical malpractice action "must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure." Plaintiff acknowledges that the Statute of Limitations arising from defendant's treatment would have expired on or about June 16, 1996. Urging application of the continuous treatment doctrine in order to toll the running of the period of limitations until March 13, 1997, the date of plaintiff's last treatment with defendant, plaintiff contends this action was timely commenced.

---

* Plaintiff died subsequent to the commencement of this action and plaintiffs' motion to amend the complaint to include a cause of action for wrongful death and to substitute the executor of plaintiff's estate was rendered moot by virtue of Supreme Court's award of summary judgment to defendant.

The continuous treatment doctrine serves to toll the Statute of Limitations during a patient's course of treatment with his or her physician and the purpose of this exception is to "enforce the view that a patient should not be required to interrupt corrective medical treatment by a physician and undermine the continuing trust in the physician-patient relationship in order to ensure the timeliness of a medical malpractice action" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296). A patient's last visit may not necessarily terminate treatment, but it must be demonstrated that further treatment is explicitly anticipated by both the patient and physician (*id.*, at 296), and if the later contact is a renewal of the relationship "distinct and unrelated to any continuing treatment," the continuous treatment exception will not apply (*Sweet v Austin*, 226 AD2d 942, 943, *lv denied* 88 NY2d 811).

Applying the foregoing principles, we are constrained to find, as a matter of law, that plaintiff cannot invoke the doctrine of continuous treatment. Although defendant informed plaintiff that the abnormality discovered in December 1993 was nothing to worry about, a course of treatment was never established and the record does not support a finding of mutual anticipation of future treatment (*see, Young v New York City Health & Hosps. Corp.*, *supra*, at 296-297), despite the fact that defendant examined plaintiff's breasts on two occasions three years apart (*see, Nykorchuck v Henriques*, 78 NY2d 255, 259). The fact that defendant suggested to plaintiff that she have a mammogram in five years in the future, standing alone, is insufficient to establish a relationship constituting continuous treatment. The discrete nature of the earlier examination is evident in that no appointment with defendant was scheduled after the December 1993 visit, defendant did not require plaintiff to return to him for any future examination or monitoring and there was no contact between the parties in the three years that transpired between visits (*see, Sweet v Austin*, *supra*, at 943). Defendant's "failure to timely diagnose and establish a course of treatment for [plaintiff's] breast condition * * * do[es] not amount to a 'course of treatment'" (*Young v New York City Health & Hosps. Corp.*, *supra*, at 297; *see, Nykorchuck v Henriques*, *supra*, at 259; *Fisher v Felix*, 201 AD2d 453).

Although we are cognizant of the seemingly unfair result in this case, the statute does not provide for tolling of the Statute of Limitations in such situations involving a failure to establish a course of treatment. Supreme Court's award of summary judgment was, therefore, proper because the Statute of Limitations had expired at the time of the action's commencement.

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

