■ JAY M. CANTER et al., Appellants-Respondents, v EAST NASSAU MEDICAL GROUP et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. GENE BRIGNONI, Third-Party Defendant-Respondent. [704 NYS2d 624] —In an action to recover damages for medical malpractice and wrongful death, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated September 29, 1998, as (a), in effect, granted the branch of the motion of the defendants East Nassau Medical Group, Queens-Long Island Medical Group, P. C., and Alfred M. Derrow which was for summary judgment dismissing the complaint insofar as it was asserted against them for malpractice claims that were alleged to have accrued prior to September 7, 1993, (b) granted the branch of the motion of the third-party defendant, Gene Brignoni, which was for the same relief, and (c) granted the motion of the defendant Chandra Kumar for summary judgment dismissing the complaint insofar as it was asserted against her, and (2) the defendants third-party plaintiffs East Nassau Medical Group, Queens-Long Island Medical Group, P. C., Alfred M. Derrow, and the defendant third-party plaintiff Chandra Kumar, separately cross-appeal from so much of the same order as granted that branch of the motion of the third-party defendant, Gene Brignoni, which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable to the plaintiffs, that branch of the motion of the defendants East Nassau Medical Group, Queens-Long Island Medical Group, P. C., and Alfred M. Derrow which was for summary judgment dismissing the plaintiffs' malpractice claims that were alleged to have accrued prior to September 7, 1993, is denied, that branch of the motion of the third-party defendant, Gene Brignoni, which was for the same relief is denied, the motion of the defendant Chandra Kumar is denied, and that branch of the motion of the third-party defendant, Gene Brignoni, which was for summary judgment dismissing the third-party complaint is denied.

The decedent Mildred Canter was treated by the individual defendant doctors, all of whom worked for the defendant Queens-Long Island Medical Group, formerly known as the East Nassau Medical Group (hereinafter the Medical Group),

for various ailments from 1959 until her death in 1995. On July 2, 1990, she complained of a lump and pain in her left breast and was sent for a mammogram, which was read by the defendant Chandra Kumar, and an examination, which was performed by the defendant Gene Brignoni, a surgeon. Brignoni recommended semi-annual follow-up gynecological and breast examinations. On December 20, 1991, Mrs. Canter's primary physician, the defendant Alfred M. Derrow, sent her for another mammogram, which again was read by Kumar, who recommended that Mrs. Canter have annual mammograms. Both mammograms revealed, *inter alia*, a spiculated area or mass in the left upper and outer quadrant of Mrs. Canter's left breast. On August 6, 1992, Mrs. Canter complained to Derrow about a rash on her breast, and on September 7, 1993, he noticed a lump in her left breast. He sent her for another mammogram, which revealed a possible carcinoma. After a biopsy, Mrs. Canter was diagnosed with metastatic cancer of the left breast for which she received chemotherapy treatments. On May 11, 1995, she died, and the plaintiffs commenced this action on May 7, 1996.

It cannot be said, as a matter of law, that Mrs. Canter's relationship with the defendants between July 2, 1990, and September 7, 1993, did not amount to continuous treatment of the same original condition or complaint (*see, Nykorchuck v Henriques,* 78 NY2d 255, 258; *McDermott v Torre,* 56 NY2d 399, 405). Although Mrs. Canter saw Derrow for other reasons during the same period of time, a question of fact exists as to whether the aforementioned chronology of events constitutes a continuing course of treatment for the original pain and lump in her left breast (*see, Pace v Caron,* 232 AD2d 617; *Garcia-Alano v Guttman Breast Diagnostic Inst.,* 188 AD2d 262; *Kurland v McElwain,* 231 AD2d 685). Thus, the Supreme Court erred in granting summary judgment and dismissing the complaint insofar as it alleged claims of malpractice which accrued before September 7, 1993.

The Supreme Court also erred in granting summary judgment to the third-party defendant Brignoni dismissing the third-party complaint. The court should not have considered the anti-subrogation issue, which Brignoni concedes was raised for the first time in his reply papers (*see, Lumbermans Mut. Cas. Co. v Morse Shoe Co.,* 218 AD2d 624, 626; *see also, Fischer v Edward M. Weiland, M.D., P. C.,* 241 AD2d 439; *Pinkston v Weiss,* 238 AD2d 393; *Galatti v Alliance Funding Co.,* 228 AD2d 550; *Ritt v Lenox Hill Hosp.,* 182 AD2d 560). Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.