■ Ira Mandel, Individually and as Administrator of the Estate of Frances Mandel, Deceased, et al., Appellants, v Richard H. Herrmann et al., Respondents, et al., Defendants. [706 NYS2d 195] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated March 2, 1999, which granted the separate motions of the defendants Richard H. Herrmann and Daniel M. Libby for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Richard H. Herrmann which was for summary judgment dismissing as time-barred those causes of action arising out of medical services provided prior to April 30, 1994, and

substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Under the continuous treatment doctrine, the two- and one-half-year Statute of Limitations for a medical malpractice action (see, CPLR 214-a) is tolled until after a patient's last visit to a physician " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405, quoting Borgia v City of New York, 12 NY2d 151). Although routine diagnostic examinations, even when conducted repeatedly over a period of time, do not constitute a course of treatment, diagnostic examinations which are specifically prescribed as part of ongoing care for an existing medical condition may be sufficient to invoke the continuous treatment toll (see, Kurland v McElwain, 231 AD2d 685). Under the circumstances of this case, there is an issue of fact as to whether the defendant Richard H. Herrmann monitored the decedent's lung condition after receiving a computerized axial tomography report in April 1992 which revealed abnormalities suggestive of a pulmonary malignancy, and whether his relationship with the decedent from April 1992 until November 1994 amounted to continuous treatment of the same original condition or complaint (see, Canter v East Nassau Med. Group, 270 AD2d 381; Dolfini v Morilla, 261 AD2d 431; Garcia-Alano v Guttman Breast Diagnostic Inst., 188 AD2d 262).

However, the Supreme Court properly concluded that the continuous treatment toll does not apply to the treatment rendered by the pulmonary specialist, the defendant Daniel M. Libby. There is no evidence that Dr. Libby undertook a continuous course of treatment of the decedent's lung condition. Moreover, the plaintiffs failed to establish the existence of an agency relationship between Dr. Libby and Dr. Herrmann which would allow Dr. Herrmann's alleged continuous treatment of the decedent to be imputed to Dr. Libby (see, Cox v Kingsboro Med. Group, 214 AD2d 150, 154).

The plaintiffs' remaining contention is without merit. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.