■ DENISE M. COVERT et al., Respondents, v RICHARD F. WALKER et al., Defendants, and ORANGE REGIONAL MEDICAL CENTER et al., Appellants. [918 NYS2d 372]—

The defendant radiologist Michael White interpreted a CT scan of the thorax of the plaintiffs' decedent on July 20, 2005, and noted, among other things, the existence of probable hilar adenopathy (enlarged lymph nodes), which was "equivocal between reactive and neoplastic [cancerous] adenopathy by size criteria." No further tests or studies investigating the possibility that the abnormalities in the decedent's CT scan were due to cancer were performed until the decedent presented to her pulmonologist with a paralyzed vocal cord on November 14, 2005, which prompted subsequent testing. The decedent was then diagnosed with non-small-cell carcinoma of the lung, and she died from that condition on April 5, 2006. The administrators of the decedent's estate commenced this action against, among others, White, to recover damages for medical malpractice and wrongful death.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *see Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640 [1990]). In support of his motion for summary judgment dismissing the complaint insofar as asserted against him, White established his prima facie entitlement to judgment as a matter of law by demonstrating that he fulfilled his duty of care by duly noting in his radiologic report the existence of probable hilar adenopathy,

which was equivocal between reactive and neoplastic by size criteria. In opposition, the plaintiffs failed to raise a triable issue of fact, as White had no further responsibility to independently diagnose the decedent's condition (*see Dockery v Sprecher*, 68 AD3d 1043, 1045-1046 [2009]; *Mosezhnik v Berenstein*, 33 AD3d 895, 897 [2006]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]; *Giberson v Panter*, 286 AD2d 217 [2001]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted White's motion for summary judgment dismissing the complaint insofar as asserted against him. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.