■ Denise Castelli, Appellant, v Westchester County Health Care Corporation, Defendant, and Andrew Moulton et al., Respondents. [983 NYS2d 842]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated April 30, 2012, which granted the motion of the defendants Andrew Moulton and University Orthopedics, P.C., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Andrew Moulton and University Orthopedics, P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff sustained a "tibia/fibula fracture" of her right leg while playing softball on April 22, 2008, and was rushed to Westchester County Medical Center where, the following day, the defendant Andrew Moulton, an orthopedic surgeon, performed intramedullary fixation of the fracture, requiring the insertion of a rod "to hold the fracture site together." Following her discharge, the plaintiff returned to see Moulton on May 9, 2008, June 18, 2008, and July 30, 2008, for follow-up care. The plaintiff was subsequently treated in New Jersey for an infection, and was ultimately diagnosed with osteomyelitis. On November 3, 2009, she underwent a below-the-knee amputation of her right leg.

The plaintiff commenced this medical malpractice action against Moulton and his practice, University Orthopedics, P.C. (hereinafter together the Moulton defendants), as well as Westchester County Health Care Corporation (hereinafter WCHCC), alleging, inter alia, negligence in failing to appreciate "an ulcer on the anterior portion of the right lower extremity," failing to prescribe antibiotics, and "allowing a lesion on the plaintiff's anterior tibia near the fracture site to progress to a point at which osteomyelitis was allowed to set in." By stipulation dated November 16, 2011, the plaintiff discontinued her action as against WCHCC.

On their motion for summary judgment dismissing the complaint insofar as asserted against them, the Moulton defendants met their initial burden of establishing that they did not depart from acceptable standards of medical care by submitting, among other things, affirmations by experts concluding that Moulton's follow-up treatment on May 9, 2008, June 18, 2008, and July 30, 2008 was within the accepted standards of care (see Morales v New York City Health & Hosps. Corp., 111 AD3d 436 [2013]; Arocho v D. Kruger, P.A., 110 AD3d 749 [2013]; Longtemps v Oliva, 110 AD3d 1316 [2013]). In addition, they established that any departure was not a proximate cause of the plaintiff's alleged injuries (see Pinto v Putnam Hosp. Ctr., Inc., 107 AD3d 869 [2013]). In opposition, however, the plaintiff raised triable issues of fact as to whether Moulton departed from accepted standards of care during the three follow-up visits, and as to whether the alleged departure was a proximate cause of the plaintiff's injuries (see Longtemps v Oliva, 110 AD3d 1316 [2013]; Pinto v Putnam Hosp. Ctr., Inc., 107 AD3d 869 [2013]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court erred in granting the Moulton defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.