■ MYRNA J. KUNIC et al., Respondents, v STAN JIVOTOVSKI, M.D., et al., Appellants, et al., Defendant. [995 NYS2d 587]—

In an action to recover damages for medical malpractice, etc., the defendants Stan Jivotovski and Northern Westchester Anesthesia Services, P.C., appeal, and the defendants Howard Charles and Westchester Vitreo Retinal, P.C., separately appeal, as limited by their respective briefs, from stated portions of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 14, 2012, which, inter alia, denied those branches of their respective motions which were for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In support of their motion for summary judgment, the defendants Howard Charles, a doctor employed by the defendant

Westchester Vitreo Retinal, P.C. (hereinafter Westchester Vitreo), and Westchester Vitreo (hereinafter together the Westchester defendants) made a prima facie showing of their entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them. The Westchester defendants submitted, among other things, an affidavit by their ophthalmologist expert concluding that Charles acted within the accepted standards of care during the procedure performed upon the plaintiff Myrna J. Kunic (hereinafter the injured plaintiff) and in his treatment of her and that, in any event, any alleged departure did not proximately cause her injuries (*see DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d 774 [2014]; *Castelli v Westchester County Health Care Corp.*, 116 AD3d 898 [2014]). In opposition, however, the plaintiffs submitted an affidavit from their expert which raised triable issues of fact as to whether Charles departed from accepted standards of care and as to whether the alleged departure was a proximate cause of the injured plaintiff's injuries (*see Castelli v Westchester County Health Care Corp.* 116 AD3d 898 [2014]; *Pinto v Putnam Hosp. Ctr., Inc.*, 107 AD3d 869 [2013]). Since the parties offered conflicting expert opinions, issues of credibility arose requiring jury resolution (*see Loaiza v Lam*, 107 AD3d 951 [2013]).

Furthermore, in support of their separate motion for summary judgment, the defendants Stan Jivotovski, a doctor employed by the defendant Northern Westchester Anesthesia Services, P.C. (hereinafter Northern), and Northern established their prima facie entitlement to judgment as a matter of law by submitting an expert affidavit establishing that Jivotovski, the anesthesiologist assigned to the procedure, did not depart from accepted standards of care during the procedure. However, in opposition, the plaintiffs submitted an affidavit by their expert raising triable issues of fact (*see Pinto v Putnam Hosp. Ctr., Inc.*, 107 AD3d 869 [2013]).

Accordingly, those branches of the respective motions which were for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against each of the appellants were properly denied.

The appellants' remaining contentions are without merit. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.