■ Nancy Hofsiss, Respondent, v Elliot R. Goodman, M.D., Appellant. [9 NYS3d 614]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Rockland County (Loehr, J.), entered July 25, 2013, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as was based on alleged acts of medical malpractice and lack of informed consent occurring before June 29, 2007, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing, on the merits, so much of the cause of action to recover damages for

lack of informed consent as was based on alleged lack of informed consent occurring on or after June 29, 2007, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as was based on alleged acts of medical malpractice and lack of informed consent occurring before June 29, 2007. The defendant established his prima facie entitlement to judgment as a matter of law dismissing the claims arising before June 29, 2007, by demonstrating that the action was not commenced by filing until December 29, 2009 (*see Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Miccio v Gerdis*, 120 AD3d 639, 640 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the continuous treatment doctrine applied to toll the statute of limitations (*see Gordon v Magun*, 83 NY2d 881 [1994]; *Fraumeni v Oakwood Dental Arts, LLC*, 108 AD3d 495, 496 [2013]). The plaintiff had no contact with the defendant from February 2004, or possibly June 2004, until July 2007. Although, as the defendant acknowledges, malabsorption is a consequence of the gastric bypass surgery the defendant performed on the plaintiff in 2003, the plaintiff points to no evidence tending to show that the visits in 2003 and 2004 were part of efforts by the defendant to treat malnutrition and malabsorption such that the 2007 visits could be seen as a continuation of these efforts (*see Gordon v Magun*, 83 NY2d at 883; *see also Michaels-Dailey v Shamoian*, 245 AD2d 430, 431 [1997]).

Additionally, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing, on the merits, so much of the cause of action to recover damages for lack of informed consent as was based on alleged lack of informed consent occurring on or after June 29, 2007. The plaintiff failed to make specific allegations in the verified complaint or bills of particulars concerning lack of informed consent with respect to the feeding tube the defendant placed in the plaintiff in July 2007 (*cf. Bhim v Dourmashkin*, 123 AD3d 862, 865 [2014]), and, in any event, the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing of his entitlement to judgment as a matter of law on this cause of action (*see Bengston v Wang*, 41 AD3d 625, 626 [2007]).

However, the Supreme Court properly denied that branch of

the defendant's motion which was for summary judgment dismissing, on the merits, so much of the cause of action to recover damages for medical malpractice as was based on alleged acts of medical malpractice occurring on or after June 29, 2007. The defendant established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, an expert affidavit showing that the defendant did not depart from accepted standards of care, and that, in any event, any departure was not a proximate cause of the plaintiff's alleged injuries (*see Kunic v Jivotovski*, 121 AD3d 1054, 1055 [2014]; *Pinto v Putnam Hosp. Ctr., Inc.*, 107 AD3d 869, 870 [2013]). In opposition, however, the plaintiff submitted expert affirmations which raised triable issues of fact as to whether the defendant departed from accepted standards of care and as to whether any departure was a proximate cause of the plaintiff's injuries (*see Kunic v Jivotovski*, 121 AD3d at 1055; *Pinto v Putnam Hosp. Ctr., Inc.*, 107 AD3d at 870).

The parties' remaining contentions are without merit. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.