■ JOHN DOE et al., Appellants, v EVAN H. SCHWARZWALD, D.O., et al., Defendants, and BETH CORN, M.D., et al., Respondents. [36 NYS3d 518]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered July 10, 2014, which granted the separate motions of the defendants Beth Corn and Mount Sinai Medical Center, Inc., the defendant Peter J. Baiocco, and the defendant Leonard A. Treihaft for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Beth Corn and Mount Sinai Medical Center, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs, payable by the defendants Beth Corn and Mount Sinai Medical Center, Inc., and one bill of costs to the defendants Leonard A. Treihaft and Peter J. Baiocco, payable by the plaintiffs.

The plaintiff John Doe (hereinafter Doe) was diagnosed with HIV/AIDS on January 29, 2010. Doe, and his wife suing derivatively, commenced this action to recover damages, inter alia, for medical malpractice against, among others, the de-

fendants Beth Corn, Mount Sinai Medical Center, Inc. (hereinafter Mount Sinai), Peter J. Baiocco, and Leonard A. Treihaft (hereinafter collectively the respondents). The complaint alleged that the respondents should have ordered an HIV test earlier. The complaint further alleged that the delayed diagnosis and treatment permitted Doe's condition to progress from HIV-positive to full-blown AIDS, decreased Doe's life expectancy, and caused Doe to sustain opportunistic infections, including pneumocystis pneumonia.

The Supreme Court properly granted Baiocco's motion for summary judgment dismissing the complaint insofar as asserted against him. Baiocco, a gastroenterologist, conducted an endoscopy after taking Doe's history and learning that he had difficulty swallowing. Baiocco diagnosed Doe with candida esophagitis, for which he prescribed antifungal medication, and recommended that Doe follow up with an immunologist for complete immunodeficiency testing to determine the cause of his candida infection. Through the affirmation of his expert, a board certified internist with a subcertification in gastroenterology, Baiocco established his prima facie entitlement to judgment as a matter of law by showing that he fulfilled his duty of care by properly diagnosing and treating the specific condition for which Doe had consulted him, and by referring Doe to an immunologist for complete immunodeficiency testing, which was beyond the scope of Baiocco's expertise as a gastroenterologist (see Covert v Walker, 82 AD3d 822, 823 [2011]; Ellis v Eng, 70 AD3d 887, 892 [2010]; Elias v Bash, 54 AD3d 354, 357-358 [2008]; Mosezhnik v Berenstein, 33 AD3d 895, 897 [2006]; Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713, 714 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Similarly, Treihaft, an internist who first saw Doe in April of 2009 for a general checkup (at which time Doe had no specific physical complaints) and who did not see Doe again until November 13, 2009, established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. Through the expert affirmation of a board-certified internist and infectious disease specialist, Treihaft established that his care and treatment were appropriate and proper (see Perez v Edwards, 107 AD3d 565, 566 [2013]; Burtman v Brown, 97 AD3d 156, 161-162 [2012]; Micciola v Sacchi, 36 AD3d 869, 871-872 [2007]; Wasserman v Staten Is. Radiological Assoc., 2 AD3d at 714). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Treihaft's motion for summary judgment dismissing the complaint insofar as asserted against him.

Corn, an immunologist, and Mount Sinai established their prima facie entitlement to judgment as a matter of law by submitting an affirmation of a board certified internist with a subspecialty in infectious disease, who opined that none of Corn's acts or omissions was a proximate cause of Doe's alleged injuries (*see Bendel v Rajpal*, 101 AD3d 662, 664 [2012]). In opposition, however, the plaintiffs, through the affirmations of their two unnamed medical experts, which the Supreme Court properly considered (*see Marano v Mercy Hosp.*, 241 AD2d 48, 50-51 [1998]), raised triable issues of fact, inter alia, as to the stage of Doe's HIV infection in early 2009 and whether the delay in diagnosing Doe's HIV infection was a proximate cause of his pneumocystis pneumonia (*see Castelli v Westchester County Health Care Corp.*, 116 AD3d 898, 899 [2014]). Accordingly, the Supreme Court erred in granting the motion of Corn and Mount Sinai for summary judgment dismissing the complaint insofar as asserted against them. Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.