Zielinski v Blessios (2024 NY Slip Op 02398)

Zielinski v Blessios

2024 NY Slip Op 02398

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

49 CA 23-00279

[*1]SARAH ZIELINSKI, PLAINTIFF-APPELLANT,
v
GEORGE BLESSIOS, M.D., ET AL., DEFENDANTS, RICHARD D. BLOOMBERG, M.D., TIMOTHY R. RASMUSSON, M.D., AND SURGICAL ASSOCIATES OF WESTERN NEW YORK, P.C., DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MELISSA L. ZITTEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 10, 2023. The order granted in part the motion of, among others, defendants Richard D. Bloomberg, M.D., Timothy R. Rasmusson, M.D., and Surgical Associates of Western New York, P.C., for summary judgment, dismissed the complaint against Richard D. Bloomberg, M.D. and Timothy R. Rasmusson, M.D. and dismissed the claims for vicarious liability against Surgical Associates of Western New York, P.C., to the extent that they are based on the conduct of Richard D. Bloomberg, M.D., Timothy R. Rasmusson, M.D., and defendant Rurik C. Johnson, M.D. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: After plaintiff presented at an emergency department complaining of severe abdominal pain, defendant Richard D. Bloomberg, M.D., the on-call surgeon, performed an exploratory laparotomy, which revealed the presence of a large mass in plaintiff's stomach. During the surgery, Bloomberg consulted with defendant Timothy R. Rasmusson, M.D. Bloomberg and Rasmusson also consulted with defendant George Blessios, M.D., a specialist in hepatobiliary surgery. All three physicians agreed that plaintiff required a second exploratory surgery to determine how to remove the mass. The next day, Blessios performed the second exploratory surgery and removed the mass, along with plaintiff's stomach and several other internal organs, via a Whipple procedure. Plaintiff commenced this medical malpractice action asserting, inter alia, that the Whipple procedure was unnecessary and that Bloomberg's and Rasmusson's negligent care led to the performance of the unnecessary procedure. Bloomberg and Rasmusson, among others, moved for summary judgment dismissing the complaint and all cross-claims against them. Plaintiff appeals from an order that, inter alia, granted that part of the motion with respect to Bloomberg and Rasmusson, and we affirm.
On a motion for summary judgment in a medical malpractice action, "a defendant has the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Lewis v Sulaiman, 217 AD3d 1443, 1444 [4th Dept 2023] [internal quotation marks omitted]). Once a defendant meets the initial burden, "[t]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact . . . only as to the elements on which the defendant has met the prima facie burden" (id. [internal quotation marks omitted]).
"[A] physician may satisfy his or her duty of care to a patient by referring the patient to a specialist who is better equipped to handle [the patient's] condition" (Revere v Burke, 200 AD3d [*2]1607, 1608 [4th Dept 2021] [internal quotation marks omitted]). Here, Bloomberg and Rasmusson fulfilled their duty of care by referring plaintiff to Blessios because plaintiff's condition involved anatomical structures that were outside their area of expertise (see Doe v Schwarzwald, 142 AD3d 578, 579 [2d Dept 2016]). The movants' expert opined that Blessios had an expertise in hepatobiliary procedures that Bloomberg and Rasmusson lacked. Plaintiff failed to raise a triable issue of fact in opposition inasmuch as plaintiff's expert failed to address, much less oppose, that assessment of the physicians' expertise (see Page v Niagara Falls Mem. Med. Ctr., 174 AD3d 1318, 1320-1321 [4th Dept 2019], lv denied 34 NY3d 908 [2020]). Moreover, plaintiff's assertion that Bloomberg, Rasmusson, and Blessios jointly diagnosed plaintiff is belied by the record, and plaintiff presented no evidence that Blessios formed a diagnosis or conducted the second procedure in reliance on Bloomberg's or Rasmusson's initial impressions. Thus, even assuming, arguendo, that plaintiff raised a triable issue of fact whether Bloomberg and Rasmusson were negligent in their care or treatment, we conclude, contrary to plaintiff's contention, that plaintiff failed to raise a triable issue of fact in opposition to Bloomberg's and Rasmusson's showing that any such negligence was not a proximate cause of her injuries—i.e., the performance of an allegedly unnecessary Whipple procedure. Supreme Court therefore properly granted that part of the motion with respect to Bloomberg and Rasmusson (see Pasek v Catholic Health Sys., Inc., 186 AD3d 1035, 1038 [4th Dept 2020]; Page, 174 AD3d at 1320-1321).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court