■ ELSA ALVERIO, Respondent-Appellant, v NEW YORK EYE AND EAR INFIRMARY, Respondent, and CLAUDE DOUGE, Appellant, et al., Defendant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered May 3, 1985,

which denied defendant Claude Douge's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and which granted defendant New York Eye and Ear Infirmary's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) to the extent of dismissing that portion of the complaint seeking recovery against it on the basis of any alleged malpractice occurring prior to December 1977, modified, on the law, to grant Douge's motion and to dismiss the complaint against him, and otherwise affirmed, without costs.

Plaintiff was admitted to New York Eye and Ear Infirmary on April 1, 1979, where she was operated on by Drs. Douge and Scheinbaum the following day. They performed a nasaloseptal reconstruction to correct problems arising from earlier rhinoplasty operations at the hands of other doctors at defendant hospital. Plaintiff was discharged from the hospital on April 5, 1979 and the record reveals that Drs. Douge and Scheinbaum thereafter treated the plaintiff postoperatively at the clinic on two occasions during April 1979 (although Dr. Douge has submitted an affidavit in which he avers that he never treated plaintiff at any time after the April 2 operation).

On November 13, 1980, plaintiff returned to the clinic complaining both of pain and the fact that her nose still looked crooked. According to plaintiff's EBT testimony, she did not at that time ask to see either Dr. Douge or Dr. Scheinbaum but was examined by a Dr. Habib, then on duty at the clinic, and it was at his instance that Dr. Scheinbaum was called in to see plaintiff. While she also, on that date, recounted her complaints to a supervising doctor who thereafter spoke to Dr. Douge about the case, plaintiff herself neither saw nor requested to see or speak with him.

The instant action against Dr. Douge was commenced on January 27, 1983. In response to Dr. Douge's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), plaintiff claims that the running of the Statute of Limitations should be tolled until November 13, 1980 by virtue of the "continuous treatment" doctrine (CPLR 214-a). We conclude, however, that the November 13, 1980 visit to the clinic does not satisfy the continuous treatment rule so as to toll the statute with respect to Dr. Douge. It is clear that Dr. Douge last treated plaintiff in April 1979 and that her return to the clinic in November 1980 was not as part of an ongoing physician-patient relationship of trust and confidence in Dr. Douge. On the contrary, her contacts with the other physicians on that occasion demonstrated her disinterest in continuing a profes-

sional relationship with Dr. Douge. The fact that the supervising physician conferred with Dr. Douge, outside of plaintiff's presence, with respect to the history and background of the case cannot serve to transform that visit into continued treatment by him which would toll the Statute of Limitations. *(See, Coyne v Bersani,* 61 NY2d 939; *Curcio v Ippolito,* 63 NY2d 967.)*

We have examined the other points raised on this appeal and cross appeal and find them without merit. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Wallach, JJ.