■ BRENDA SPOSATO et al., Appellants, v GEORGE DI GIACINTO, Respondent. [668 NYS2d 612] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about October 11, 1996, granting defendant's motion for summary judgment dismissing the complaint on the grounds that plaintiff's claims were time-barred pursuant to CPLR 214-a, unanimously affirmed, without costs.

Plaintiff failed to establish the applicability of the continuous treatment doctrine (*Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333). Plaintiff did not have an appointment to return to defendant after her last visit with him on March 4, 1992. Nor was her return to defendant's office one year later in conformity with the periodic appointments that had characterized her earlier follow-up care by defendant, which had been monthly. Instead, plaintiff sought treatment from at least three other doctors after March 1992, without consulting defendant, which evidenced an intent not to return to defendant, and demonstrated that plaintiff did not wish to place uninterrupted reliance upon defendant's observation and directions for overseeing her progress. Furthermore, while plaintiff followed defendant's suggestion to attend physical therapy after March 1992, defendant did not direct it or participate therein (*see, De Peralta v Presbyterian Hosp.*, 121 AD2d 346, 349). The mere institution of a course of treatment is not equivalent to continuity of treatment (*Hall v Luthra*, 206 AD2d 890). Plaintiff ultimately returned to defendant only at the direction of her primary care physician, due to that physician's inability to find an alternative means of treatment.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.