■ RICHARD C. NIELSON et al, Appellants, v SALVATORE G. PERCONTE et al., Respondents. [680 NYS2d 105] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 18, 1997, which granted the

defendants' motion for summary judgment, and (2) an order of the same court, dated September 2, 1997, which denied their motion for reargument.

Ordered that the appeal from the order dated September 2, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 18, 1997, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

Under the continuous treatment doctrine, the two and one-half-year Statute of Limitations for a medical malpractice action (see, CPLR 214-a) is tolled until after a plaintiff's last treatment " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405, quoting Borgia v City of New York, 12 NY2d 151; see also, Nykorchuck v Henriques, 78 NY2d 255, 258). Essential to the application of the doctrine is that a course of treatment has been established with respect to the condition that gives rise to the lawsuit (see, Nykorchuck v Henriques, supra, at 258-259). "[N]either the mere 'continuing relation between physician and patient' nor 'the continuing nature of a diagnosis' is sufficient to satisfy the requirements of the doctrine" (Nykorchuck v Henriques, supra, at 259, quoting McDermott v Torre, supra, at 405, 406; see also, Massie v Crawford, 78 NY2d 516, 520). Moreover, "continuous treatment does not contemplate circumstances where a patient initiates return visits merely to have his or her condition checked" (McDermott v Torre, supra, at 405).

Here, the plaintiffs have not shown that the defendant doctor undertook a continuous course of treatment of the decedent's skin cancer. To the contrary, the gravaman of the plaintiffs' claim is that the defendant doctor was negligent in failing to establish a course of treatment at all. Accordingly, the plaintiffs' claim is barred by the Statute of Limitations (see, Nykorchuck v Henriques, supra). The plaintiffs' remaining contentions are without merit. Bracken, J. P., Rosenblatt, Florio and McGinity, JJ., concur.