■ Roxanne Domena, Respondent, v New York City Health and Hospitals Corporation et al., Appellants. [686 NYS2d 66] —In an action, *inter alia*, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated July 7, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

As the plaintiff failed to serve a notice of claim within 90 days of the accrual of her cause of action, and never sought permission to serve a late notice of claim (*see,* General Municipal Law § 50-e; McKinney's Uncons Laws of NY § 7401 [2]), her complaint could only be saved by application of the continuous treatment doctrine. However, "[o]ne of the elements of continuous treatment is that 'further treatment is explicitly anticipated by *both* physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during the last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past' " (*Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338, quoting *Richardson v Orentreich,* 64 NY2d 896, 898-899). Here, the plaintiff was unable to present evidence tending to show that further treatment by the defendants was anticipated. The Supreme Court therefore erred when it denied the defendants' motion to dismiss her complaint.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.