■ LEIGHTON McINNIS, Individually and as Administrator of the Estate of PAULETTE McINNIS, Deceased, Plaintiff, v MICHAEL S. BLOCK et al., Defendants. (Action No. 1.) LEIGHTON McINNIS, Individually and as Administrator of the Estate of PAULETTE McINNIS, Deceased, Respondent, v JOHN F. LUNDIE et al., Appellants. (Action No. 2.) [702 NYS2d 358] —In two related actions, *inter alia,* to recover damages for medical malpractice, etc., the defendants in Action No. 2 appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Davis, J.), dated March 26, 1999, which, *inter alia,* denied their cross motion for summary judgment dismissing the complaint in that action on the ground that it was barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and Action No. 2 is dismissed.

One of the elements of continuous treatment is that further treatment is explicitly anticipated by both the physician and patient, as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during the last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past (*see, Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338; *Richardson v Orentreich,* 64 NY2d 896, 898-899). Here, the Supreme Court erred when it held that the course of treatment of the plaintiff's decedent by the appellants continued after she changed her insurance plan and began seeing a new physician, as she no longer anticipated future visits with the appellants (*see, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291; *Allende v New York City Health & Hosps. Corp., supra; Cox v Kingsboro Med. Group,* 88 NY2d 904). Because the continuous treatment doctrine is not applicable here, the Statute of Limitations had expired. Therefore, the Supreme Court should have granted the appellants' cross motion for summary judgment dismissing Action No. 2.

In light of our decision, we need not reach the appellants' remaining contentions. Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.