■ JACK A. MONELLO et al., Appellants, v SOTTILE, MEGNA, M.D., P. C., et al., Respondents. [722 NYS2d 41] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated December 9, 1999, which granted the defendants' motion for leave to amend their answer to assert the affirmative defense of the Statute of Limitations, and partial summary judgment dismissing so much of the complaint as sought to recover damages based upon alleged acts of medical malpractice occurring on or before May 25, 1994.

Ordered that the order is affirmed, with costs.

In April 1994 the plaintiffs' decedent consulted the defendants complaining of tingling in his right hand, indigestion after meals, an electrical sensation under the left side of his chest, and heartburn. The individual defendants Vincent M. Sottile and Daniel Megna are gastroenterologists. A series of tests was performed, including an endoscopy which revealed a large hiatal hernia. The plaintiffs' decedent was placed on Prilosec and an antibiotic. Further, he was instructed to sleep with two pillows, avoid certain foods, and not eat before going to bed. The defendants' records indicate that on May 19 and May 25, 1994, the plaintiffs' decedent was feeling fine. He returned to the defendants 19 months later, in December 1995 complaining of gas, indigestion, stomach pain, and regurgitation, and further testing was conducted. However, the defendants never performed a colonoscopy.

In September 1996, upon his admission to the Staten Island University Hospital emergency room, the plaintiffs' decedent was diagnosed with stage IV colon cancer. This medical mal-

practice action was commenced on September 18, 1997. The plaintiffs alleged, *inter alia*, that the defendants failed to perform a colonoscopy upon the plaintiffs' decedent in April 1994 and, as a result, failed to timely diagnose his colon cancer. The Supreme Court thereafter granted the defendants' motion for leave to amend their answer to assert the affirmative defense of the Statute of Limitations and for partial summary judgment dismissing so much of the complaint as sought to recover damages based upon alleged acts of medical malpractice occurring on or before May 25, 1994.

Leave to amend a pleading should be freely granted absent a showing of prejudice resulting from the delay and provided that the proposed amendment is not plainly lacking in merit (*see,* CPLR 3025 [b]; *Fidelity Holdings v Marom,* 276 AD2d 468; *Tarantini v Russo Realty Corp.,* 273 AD2d 458). The granting of such a motion is committed to the sound discretion of the trial court, and will not be lightly disturbed (*see, Henderson v Gulati,* 270 AD2d 308). Here, the plaintiffs failed to demonstrate any prejudice, and the proposed amendment was not patently meritless. Accordingly, the Supreme Court providently exercised its discretion in granting the defendants leave to amend their answer.

The Supreme Court also properly dismissed so much of the complaint as sought to recover damages based upon alleged acts of medical malpractice occurring on or before May 25, 1994. For the continuous treatment doctrine to apply, further treatment must be explicitly anticipated by both the physician and patient, as demonstrated by a regularly-scheduled appointment for the near future, which was agreed upon at the last visit and conforms to the periodic appointments relating to the treatment in the immediate past (*see, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296; *Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338; *Rizk v Cohen,* 73 NY2d 98, 103; *Richardson v Orentreich,* 64 NY2d 896, 898-899; *McInnis v Block,* 268 AD2d 509; *Domena v New York City Health & Hosps. Corp.,* 259 AD2d 462). Further, the plaintiff must demonstrate that a course of treatment was established concerning the condition which gave rise to the action (*see, Young v New York City Health & Hosps. Corp., supra; Nykorchuck v Henriques,* 78 NY2d 255; *McDermott v Torre,* 56 NY2d 399). Here, the plaintiffs failed to demonstrate that in May 1994 a future visit was anticipated or that the decedent's complaints in December 1995 were related to his earlier complaints. Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.