■ RICHARD SHIELDS et al., Respondents, v VLASSI BAKTIDY et al., Appellants, et al., Defendant. [783 NYS2d 652]—

In an action to recover damages for medical malpractice, the defendants Vlassi Baktidy and Long Island Pulmonary Medical Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered September 26, 2003, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them, or, in the alternative, to dismiss as time-barred pursuant to CPLR 3211 (a) (5) those causes of action alleging medical malpractice which accrued on or before March 12, 1998.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss as time-barred those causes of action alleging medical malpractice which accrued on or before March 12, 1998, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and those causes of action alleging medical malpractice which accrued on or before March 12, 1998, are dismissed.

The Supreme Court correctly denied the branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Even assuming that the appellants met their prima facie burden by adducing expert opinion evidence that they did not deviate from accepted standards of care in their treatment of the plaintiff Richard Shields, the affidavit of the plaintiffs' expert established the existence of issues of fact, inter alia, as to whether the appellants were negligent in failing to diagnose the plaintiff Richard Shields' embryonic germ cell tumor. Summary judgment may not be awarded in a medical malpractice action where the parties adduce conflicting opinions of medical experts (see Barbuto v Winthrop Univ. Hosp., 305 AD2d 623 [2003]; Fotinas v Westchester County Med. Ctr., 300 AD2d 437 [2002]). When experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Barbuto v Winthrop Univ. Hosp., supra; Halkias v Otolaryngology-Facial Plastic Surgery Assoc., 282 AD2d 650 [2001]). Moreover, contrary to the appellants' contentions, the opinions of the plaintiffs' expert were based upon facts in evidence, and were not conclusory or otherwise insufficient.

The Supreme Court erred, however, in denying that branch of the appellants' motion which was to dismiss as time-barred those causes of action alleging medical malpractice occurring on or before March 12, 1998. As to those claims, the appellants established, as a matter of law, the inapplicability of the continuous treatment toll (see Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]; Nielson v Perconte, 254 AD2d 264 [1998]; Chulla v DiStefano, 242 AD2d 657 [1997]; Washington v Elahi, 192 AD2d 704 [1993]). In opposition, the plaintiffs failed to establish the existence of a triable issue of fact.

The parties' remaining contentions are without merit. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.