■ FRANKLIN FEINBERG, Appellant, v SHELDON FEIT et al., Respondents, et al., Defendant. [806 NYS2d 661]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 6, 2004, as granted the motion of the defendants Sheldon Feit and Metropolitan Diagnostic Imaging, P.C. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated against the defendants Sheldon Feit and Metropolitan Diagnostic Imaging, P.C.

The plaintiff alleges that the defendants were negligent in their treatment of the plaintiff's deceased wife, Holly Feinberg, which resulted in her death from lung cancer. Ms. Feinberg, a one-pack per day cigarette smoker for 30 years, saw the defendant Dr. Philip Spadafora for a routine checkup in March 1999. During the visit, Dr. Spadafora took a chest X-ray which he sent to the defendant Metropolitan Diagnostic Imaging, P.C. (hereinafter Metropolitan), for review. The defendant Dr. Sheldon Feit, a radiologist on the staff at Metropolitan, reviewed Ms. Feinberg's chest X-ray and found no abnormalities. He prepared a report of his findings and submitted it to Dr. Spadafora, who advised Ms. Feinberg of the results. Ms. Feinberg never visited Dr. Spadafora again. In March 2000, while undergoing a routine physical examination with another physician, Ms. Feinberg had another chest X-ray, which revealed a suspicious mass, requiring further testing. Eventually, a biopsy was conducted which determined that Ms. Feinberg had lung cancer. Ms. Feinberg was treated with surgery, chemotherapy, and radiation. However, she died of lung cancer on October 7, 2001.

The plaintiff, individually and as administrator of Ms. Feinberg's estate, commenced this action against the defendants alleging, inter alia, that they failed to properly and timely diagnose Ms. Feinberg's cancer. This appeal ensued from so much of the order as granted the motion of Dr. Feit and Metropolitan for summary judgment dismissing the complaint insofar as asserted against them.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or

damage (*see Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]). Dr. Feit and Metropolitan made a prima facie showing of entitlement to summary judgment dismissing the action based upon the affidavit of their medical expert which denied that they had departed from good and accepted medical practices (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Fritz v Southside Hosp.*, 182 AD2d 671 [1992]). Specifically, their medical expert, after reviewing the chest X-ray interpreted by Dr. Feit in March of 1999, concluded that Dr. Feit correctly interpreted the X-ray because "there is no clinical evidence of cancer in the chest x-ray study."

Nevertheless, the affidavit of the plaintiff's radiology expert was sufficient to raise a triable issue of fact as to whether Dr. Feit and Metropolitan failed to take steps that would have led to an earlier diagnosis of lung cancer (*see Shields v Baktidy*, 11 AD3d 671, 672 [2004]; *Weinberg v Guttman Breast & Diagnostic Inst.*, 254 AD2d 213 [1998]). The plaintiff's radiology expert opined that Ms. Feinberg's X-ray showed "a possible density on the PA film in the right upper lobe which required investigation." The radiologist further stated that the failure of Dr. Feit to recommend further diagnostic studies was a departure from accepted medical practice. Contrary to the determination of the Supreme Court, this statement was not improper speculation, but merely a recitation of precisely what the expert observed in the X-rays and precisely what that observation required. Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (*see Shields v Baktidy, supra; Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]). Such credibility issues can only be resolved by a jury (*see Shields v Baktidy, supra; Halkias v Otolaryngology-Facial Plastic Surgery Assoc.*, 282 AD2d 650 [2001]). The Supreme Court therefore erred in granting the motion. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.