ANGELIQUE GRAHAM, Appellant, et al., Plaintiff, v KATHLEEN MITCHELL et al., Defendants, and DAVID VEXLER et al., Respondents. [829 NYS2d 628]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff Angelique Graham, an infant by her mother and natural guardian, Alyce Graham, appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 5, 2006, as granted that branch of the motion of the defendants David Vexler, Guy Sauveur Etienne, and New York City Health and Hospitals Corporation which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants David Vexler, Guy Sauveur Etienne, and New York City Health and Hospitals Corporation which was for summary judgment dismissing so much of the cause of action alleging medical malpractice as was based upon failure to administer tocolytics and corticosteroids insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff Angelique Graham, an infant by her mother and natural guardian, Alyce Graham.

The infant plaintiff's mother commenced this action on behalf of the infant alleging, inter alia, that the defendants David Vexler, Guy Sauveur Etienne, and New York City Health and Hospitals Corporation (hereinafter the defendants) deviated from accepted medical practice by failing to administer a tocolytic to delay labor, and a corticosteroid to promote the maturation of fetal lungs and blood vessels during the period of

delay. On November 19, 1994 the mother presented, at 26 weeks gestation, with ruptured uterine membranes. The infant plaintiff was born on November 22, 1994 with permanent injuries, including cerebral palsy and brain damage.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted medical practice and evidence that such departure was a proximate cause of injury or damage (*see Anderson v Lamaute,* 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri,* 302 AD2d 420 [2003]). The defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint as to them based on the affidavit of Dr. Edgar Mandeville. On the question of whether corticosteroids should be administered, with a tocolytic administered to delay labor to allow the corticosteroid to have an opportunity to have an impact on fetal maturation, Dr. Mandeville opined that the administration of steroids, in the circumstances presented, was still controversial in 1994. He opined that it was not then generally established in the New York area as to whether steroids should or should not be given. The countervailing consideration was that the mother's ruptured uterine membranes indicated the presence of infection in the uterine cavity, and that steroids would lower the fetus's resistance to infection.

In opposition, the infant plaintiff demonstrated the existence of a triable issue of fact through the redacted affirmation of her unnamed medical expert, a physician licensed to practice in New York who is board certified in obstetrics and gynecology. The infant plaintiff's expert opined that there was no longer a controversy on the issue in November 1994. He concluded that every obstetrician in the New York metropolitan area who kept abreast of the relevant medical literature knew or should have known that the issue had been resolved in favor of the administration of tocolytics and corticosteroids.

The conflicting medical expert opinions present a triable issue of fact as to whether the accepted practice of obstetrics and gynecology had evolved by November 1994 such that a failure to administer tocolytics and corticosteroids was a deviation from accepted practice. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (*see Shields v Baktidy* [11 AD3d 671, 672 (2004)]; *Barbuto v Winthrop Univ. Hosp.,* 305 AD2d 623, 624 [2003]). Such credibility issues can only be resolved by a jury (*see Shields v Baktidy, supra; Halkias v Otolaryngology-Facial Plastic Surgery Assoc.,* 282 AD2d 650 [2001])" (*Feinberg v Feit,* 23 AD3d 517, 519 [2005]). Furthermore, the holding in

*Perez v St. John's Episcopal Hosp. S. Shore* (19 AD3d 389 [2005]) is not determinative of issues concerning accepted practice in November 1994.

The plaintiffs' pleadings raised separate claims regarding the timeliness and appropriateness of the defendants' diagnosis and treatment of the infant plaintiff's osteomyelitis in January and February 1995. The infant plaintiff, however, failed to address the assertions of defendants' expert, submitted in support of their motion for summary judgment dismissing the complaint insofar as asserted against them, that the defendants did not depart from good and accepted medical practice in the diagnosis and treatment of the infant plaintiff's osteomyelitis, and that the defendant doctors Vexler and Etienne did not treat the infant plaintiff after the delivery. Accordingly, the Supreme Court properly granted summary judgment to the defendants dismissing all of the infant plaintiff's claims relating to the diagnosis and treatment of her osteomyelitis. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.