■ BRIDGET WIGAND, Appellant, v SAUL MODLIN, Respondent. [892 NYS2d 483]

Although the plaintiff established her prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for medical malpractice (*see* Public Health Law § 2805-d; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Feinberg v Feit*, 23 AD3d 517, 518-519 [2005]), the defendant raised a triable issue of fact as to whether he deviated from the relevant standard of care (*see Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 565-567 [2009]; *DiMitri v Monsouri*, 302 AD2d 420, 420-421 [2003]). Similarly, in response to the plaintiff's establishment of her prima facie entitlement to judgment as a matter of law on the cause of action alleging lack of informed consent, the defendant raised a triable issue of fact as to whether the risks at issue were foreseeable and, therefore, should have been communicated to the plaintiff prior to the procedure (*see* Public Health Law § 2805-d; *Spano v Bertocci*, 299 AD2d 335, 337-338 [2002]; *Bernard v Block*, 176 AD2d 843 [1991]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability (*see Feinberg v Feit*, 23 AD3d at 519; *Shields v Baktidy*, 11 AD3d 671, 672 [2004]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.