■ Barry Klein et al., Respondents, v Charles E. Argoff et al., Defendants, and Steven Schneider, Appellant. [956 NYS2d 560]—

" 'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury' " (*Faicco v Golub*, 91 AD3d 817, 818 [2012], quoting *Roca v Perel*, 51 AD3d 757, 758 [2008]). On a motion for summary judgment dismissing a cause of action to recover damages for medical malpractice, "the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Barnett v Fashakin*, 85 AD3d 832, 834 [2011]; *see Faicco v Golub*, 91 AD3d at 818; *Roca v Perel*, 51 AD3d at 758-759).

In the case at bar, the plaintiff Barry Klein (hereinafter the injured plaintiff), underwent the surgical implantation of an intraspinal infusion pump to deliver opiates for the relief of back pain. The plaintiffs allege that the defendants' failure to timely remove this pump after the injured plaintiff exhibited certain symptoms resulted in injury to him. In support of his motion for summary judgment, the defendant Steven Schneider met his burden through the submission of the affidavit of an expert who opined that Schneider did not depart from good and accepted practice in the assessment and treatment of the injured plaintiff's symptoms of neurological compromise, including determining whether the symptoms were related to the implantation of the mechanical device. The expert stated that the records, testimony, and numerous radiology studies indicated that Schneider appropriately considered the possibility of spinal cord compression and/or obstruction, including, but not limited to, the formation of a catheter tip granuloma/inflammatory mass, as the possible cause or contributing factor in the injured plaintiff's neurological problems (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Roca v Perel*, 51 AD3d at 758-759). In addition, none of the radiology studies or myelograms revealed any tip granuloma/inflammatory mass. Rather, the various tests revealed that the injured plaintiff had a condition called arachnoiditis, which was consistent with the injured plaintiff's symptoms.

In opposition, the plaintiffs failed to raise an issue of fact as to any departure from good and accepted practice. The affidavit

by the plaintiffs' expert contained only the conclusory opinion, wholly unsupported by the clinical record, that the injured plaintiff's symptoms resulted from the formation of a granuloma/inflammatory mass at the tip of the intraspinal catheter and that defendant Schneider's failure to timely remove the device resulted in the injured plaintiff's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Roca v Perel,* 51 AD3d at 758-759; *Graham v Mitchell,* 37 AD3d 408 [2007]).

The plaintiffs' remaining contention is without merit.

Accordingly, that branch of Schneider's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him should have been granted (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.