In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kangs County (Steinhardt, J), dated August 20, 2012, as granted that branch of the motion of the defendant Ifeanyi Obiakor which was for summary judgment dismissing so much of the complaint as alleged medical malpractice insofar as asserted against him, and granted that branch of the motion of the defendants New York Methodist Hospital, Madhu B. Gudavalli, and Sumana Myneni which was for summary judgment dismissing so much of the complaint, insofar as asserted against the defendant New York Methodist Hospital, as was based upon the discharge of the plaintiff Shawnette Wiggan therefrom on May 7, 2001.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff Shawnette Wiggan was admitted to the defendant New York Methodist Hospital (hereafter NYMH) from May 1, 2001, to May 7, 2001, and again from May 9, 2001, to May 19, 2001, exhibiting symptoms of preterm labor. The infant plaintiffs were born prematurely on May 19, 2001, and it is undisputed that they suffered various injuries as a result of their premature birth. Insofar as relevant here, the plaintiffs commenced this medical malpractice action alleging that the defendant Ifeanyi Obiakor, a private attending physician, failed to take certain steps to delay the premature birth of the infant plaintiffs. The plaintiffs sought to impose liability upon NYMH based on, among other things, the decision to discharge Wiggan on May 7, 2001.
*649 “In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiffs injuries” (Stukas v Streiter, 83 AD3d 18, 23 [2011]). Accordingly, “[a] physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiffs injuries” (Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]; see Faicco v Golub, 91 AD3d 817, 818 [2012]; Roca v Perel, 51 AD3d 757, 758-759 [2008]). “Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden” (Gillespie v New York Hosp. Queens, 96 AD3d at 902 [citations omitted]; see Stukas v Streiter, 83 AD3d at 30). “Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions” (Feinberg v Feit, 23 AD3d 517, 519 [2005]; see Shields v Baktidy, 11 AD3d 671, 672 [2004]). Such conflicting expert opinions will raise credibility issues which can only be resolved by a jury (see Roca v Perel, 51 AD3d at 759; Feinberg v Feit, 23 AD3d at 519). However, a plaintiffs expert’s affidavit that is conclusory or speculative is insufficient to raise a triable issue of fact in opposition to a defendant’s prima facie showing of entitlement to judgment as a matter of law in a medical malpractice action (see Gillespie v New York Hosp. Queens, 96 AD3d at 902).
In support of that branch of his motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice insofar as asserted against him, Obiakor established, prima facie, that he did not depart from acceptable medical care by submitting, among other things, an expert affirmation concluding that his care and treatment of Wiggan’s preterm labor during her two periods of admission at NYMH was within the accepted standards of care (see DeLaurentis v Orange Regional Med. Ctr.-Horton Campus, 117 AD3d 774 [2014]; Castelli v Westchester County Health Care Corp., 116 AD3d 898 [2014]). In addition, he established that, in any event, any departure on his part was not a proximate cause of the plaintiffs’ injuries (see Castelli v Westchester County Health Care Corp., 116 AD3d at 898). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs’ contention, their medical expert’s affirmation submitted in opposition to Obiakor’s motion was conclusory, speculative, self-contradictory, and lacked reasonable medical certainty, and *650 therefore, was insufficient to raise a triable issue of fact (see Callistro v Bebbington, 94 AD3d 408, 410-411 [2012], affd 20 NY3d 945 [2012]). The plaintiffs also failed to raise a triable issue of fact in response to Obiakor’s prima facie showing that he cannot be held vicariously liable for the alleged medical malpractice of another of Wiggan’s private attending physicians, the defendant Barbara Gordon, because Obiakor and Gordon worked together for the defendant professional corporation, Ifeanyi Obiakor, M.D., EC., rather than as partners in a partnership (see Keitel v Kurtz, 54 AD3d 387, 392 [2008]). Accordingly, the Supreme Court properly granted that branch of Obiakor’s motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice insofar as asserted against him.
The Supreme Court also properly granted that branch of the motion of NYMH and the defendants Madhu B. Gudavalli and Sumana Myneni (hereinafter collectively the hospital defendants) which was for summary judgment dismissing so much of the complaint, insofar as asserted against NYMH, as was based upon Wiggan’s discharge therefrom on May 7, 2001. “In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence” (Toth v Bloshinsky, 39 AD3d 848, 850 [2007]; see Schultz v Shreedhar, 66 AD3d 666, 667 [2009]; Cook v Reisner, 295 AD2d 466, 467 [2002]). Here, the hospital defendants established, prima facie, that the decision to discharge Wiggan on May 7, 2001, was made by one of her private attending physicians who was not employed by the hospital, and therefore, NYMH cannot be held vicariously liable for that decision (see Giambona v Hines, 104 AD3d 807, 811 [2013]; Corletta v Fischer, 101 AD3d 929, 930 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Corletta v Fischer, 101 AD3d at 930).
Rivera, J.E, Hall, Austin and Roman, JJ., concur.