■ JIANFENG JIANG, Appellant, et al., Plaintiff, v XUE CHAO WEI, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [54 NYS3d 278]—

Order, Supreme Court, New York County (George J. Silver, J.), entered on or about January 29, 2016, which granted defendant New York City Health and Hospitals Corporation's (HHC) motion to dismiss all claims against it based on conduct prior to May 8, 2012, unanimously affirmed, without costs.

In this medical malpractice action, plaintiff alleges that defendants were negligent in failing to timely diagnose a cancerous wound on his left leg. The motion court properly granted HHC's motion to dismiss the claims based on conduct occurring prior to May 8, 2012, since plaintiff failed to file a timely notice of claim, in violation of General Municipal Law § 50-e (1) (a).

Plaintiff was discharged from an HHC hospital in November 2010 and did not return to an HHC hospital for treatment to his leg until May 8, 2012. During that stay, he received the cancer diagnosis. The notice of claim was filed shortly after plaintiff's discharge from the hospital in October 2012, more than 90 days after the claim's accrual in November 2010 (*see Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 337 [1997]).

We reject plaintiff's contention that both the November and May visits were part of a continuous course of treatment such that the statutory period for filing a notice of claim was tolled (*see* CPLR 214-a; *Allende,* 90 NY2d at 337-338). Although it is clear that HHC anticipated further treatment by HHC at the time of discharge in 2010, it is likewise clear that plaintiff did not (*see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296, 297 [1998]; *Zelig v Urken,* 28 AD3d 318, 318 [1st Dept 2006], *lv denied* 7 NY3d 708 [2006]), given his failure to show up for follow-up appointments (*see Batiste v Brooklyn Hosp. Ctr.,* 255 AD2d 474, 475 [2d Dept 1998]; *Bellmund v Beth Israel Hosp.,* 131 AD2d 796, 797-798 [2d Dept 1987]) and his exclusive reliance on codefendant Xue Chao Wei (an acupuncturist who plaintiff believed to be a licensed physician) for treatment during the interim period (*see Sposato v Di Giacinto,* 247 AD2d 267, 267 [1st Dept 1998]; *Alverio v New York Eye & Ear Infirmary,* 123 AD2d 568, 569-570 [1st Dept 1986]; *Devadas v Niksarli,* 120 AD3d 1000, 1007 [1st Dept 2014]). Plaintiff's actions indicated an intention to discontinue his relationship with HHC; his return visit must therefore be deemed a "renewal, rather than a continuation, of the physician-patient relationship" (*O'Donnell v Siegel,* 49 AD3d 415, 417 [1st Dept 2008] [internal quotation marks omitted]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, P.J., Mazzarelli, Manzanet-Daniels and Webber, JJ.