Lowe v Japal (2019 NY Slip Op 01585)





Lowe v Japal


2019 NY Slip Op 01585


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-01094
 (Index No. 600069/13)

[*1]Shaundra Lowe, etc., appellant, 
v
H. Bianca Japal, et al., defendants, Nassau Extended Care Facility, et al., respondents.


Silberstein, Awad & Miklos, P.C., Garden City, NY (Marianne Burke of counsel), for appellant.
Melito & Adolfsen, P.C., New York, NY (Louis G. Adolfsen and Michael F. Panayotou of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated January 5, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Nassau Extended Care Facility and Nassau Operating Co., LLC, which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's decedent was a resident of the defendant Nassau Extended Care Facility, a nursing home and rehabilitation facility, from September 20, 2010, until her death on January 20, 2012. The decedent suffered from a series of medical conditions, including diabetes mellitus, cerebrovascular accident, transient ischemic attack, chronic pulmonary disease, hyperlipidemia, coronary artery disease, and dementia. The death certificate lists the immediate cause of death as cardiopulmonary arrest due to hypertensive heart disease and atherosclerosis. An autopsy was performed on January 24, 2012, approximately 3½ days after death. A final anatomical diagnosis listed, among other things, aspiration pneumonia.
In January 2013, the plaintiff commenced this action against, among others, Nassau Extended Care Facility and Nassau Operating Co., LLC (hereinafter together Nassau), to recover damages for, inter alia, medical malpractice, wrongful death, and violation of the Public Health Law. As amplified by her bills of particulars, the plaintiff alleged, among other things, that Nassau was negligent "in failing to timely and properly heed, recognize and respond to the signs of dysphagia," "in performing inadequate swallow tests," "in causing the plaintiff's decedent to choke," "in causing aspiration pneumonia," and "in failing to timely and properly heed, recognize and respond to the signs of aspiration pneumonia." Nassau moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated January 5, 2016, the Supreme Court, inter alia, granted Nassau's motion. The plaintiff appeals from so much of the order as granted that branch of Nassau's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it. 
"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519) since "[s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (DiGeronimo v Fuchs, 101 AD3d 933, 935). However, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068; Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796; Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Bartolacci-Meir v Sassoon, 149 AD3d 567, 572).
Nassau established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of a medical expert who opined with a reasonable degree of medical certainty that Nassau did not depart from the applicable standard of care and, in any event, that any alleged departures were not a proximate cause of the decedent's death (see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773; Duvidovich v George, 122 AD3d 666; Roca v Perel, 51 AD3d 757). In opposition to Nassau's prima facie showing, the plaintiff failed to raise a triable issue of fact. The expert affidavit proffered by the plaintiff was speculative and conclusory, and thus did not raise a triable issue of fact (see Kane v Ausubel, 44 AD3d 717, 717; Browder v New York City Health & Hosps. Corp., 37 AD3d 375, 376). Accordingly, we agree with the Supreme Court's determination to grant that branch of Nassau's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court